IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES**

**v.**  **CRIMINAL NO. 1:22-cr-111-TBM-BWR**

**GENA MICHELLE HALL**

**ORDER**

Now before the Court is Defendant Gena Michelle Hall's Motion for Reconsideration [20] of the Court's Order [18] denying Hall a sentencing reduction under Sentencing Guidelines Amendment 821—Part B. The Government has not filed a response. Upon review of Hall's Motion, the record, and the applicable legal authority, the Court finds that Hall's Motion for Reconsideration [20] should be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Hall's current term of incarceration results from her conviction on the single count felony information for knowingly and willfully making a false statement on an income tax return in violation of Title 26 U.S.C. § 7206(1). Hall was sentenced to a term of 30 months imprisonment. On February 9, 2024, this Court denied Hall a sentence reduction under 2023 U.S.S.C. Amendment 821. She now seeks reconsideration of that decision and asks the Court to lower her offense level. Specifically, Hall argues that argues that under Amendment 821—Part B, "Hall qualifies for a two-point reduction of her offense level . . . because at sentencing, she had zero criminal history points . . . and she meets all the other criteria enumerated in § 4C1.1(a)(2) through (a)(10)." [20], pp. 3-4. Hall asserts that her offense level at sentencing was 19, but "[w]ith the two-point reduction called for under § 4C1.1., her offense level will be 17," which "yields a Guidelines sentence range of 24 to 30 months in prison." *Id.* at pg. 4.

## II. DISCUSSION AND ANALYSIS

"Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device." *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982). "Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1179 (D. Or. 2008) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, Hall's Motion to Reconsider is merely a form motion with no mention of what this Court must consider. Without more, her Motion should be denied. *See United States v. Heredia*, No. 19-cr-51-GGG, 2024 WL 3105019, at * 2 (E.D. La. Jun. 24, 2024).[1] To begin, she does not present the Court with newly discovered evidence, nor does she argue that such evidence exists. Second, she does not argue that there was any intervening change in the law. Finally, she does not argue that the Court erred in its prior decision or that any other circumstances exist warranting reconsideration. Instead, Hall simply argues that the Court should resentence her to avoid "unwanted sentencing disparities." And Hall does not point to any specific defendant who is similarly situated in terms of specific conduct and history. Further, even if it were assumed there were some type of minor disparity, Hall's original

---

[1] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Whale Cap., L.P. v. Ridgeway*, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

sentence of 30 months does not create such a disparity "between similarly situated defendants" to justify a different sentence. Indeed, even if her offense level was lowered by two points and her guideline range was recalculated, as requested, her sentence of 30 months would nevertheless be within the recalculated guideline range.

Finally, in consideration of the other Section 3553(a) factors, including the nature and circumstances of the offense and the need for the sentence imposed, the Court finds that Hall is not entitled to a reduction in sentence. As discussed at sentencing, Hall filed approximately sixty-one fraudulent tax returns using information obtained from patients and causing hundreds of thousands of dollars of loss. Given that conduct, the Court stated at sentencing that it would have imposed the same sentence, regardless of the Guideline calculations, as a variance or non-Guidelines sentence based upon the relevant Section 3553 factors. Therefore, after careful consideration of the record, Hall's Motion, the applicable legal authority, the facts and circumstances of this case, the personal history and characteristics of Hall, the Court finds that Hall's original sentence of 30 months is appropriate. Hall's Motion for Reconsideration [20] is denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant Gena Michelle Hall's Motion for Reconsideration [20] is DENIED.

**This, the 24th day of July, 2024.**

                                             **TAYLOR B. McNEEL**
                                             **UNITED STATES DISTRICT JUDGE**